IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FLORENCE FOSTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-1501 |
| TERRY SULLIVAN, | * | |
| Defendant. | * | |

\*\*\*

### MEMORANDUM

Plaintiff Florence Foster filed the above-captioned Complaint on June 16, 2021.[1] ECF 1. Plaintiff states that she is seeking the removal of defendant Terry Sullivan as Guardian of Property for an individual named Lucille Dunlap. She does not state her relationship to Dunlap. Plaintiff alleges that defendant has "stolen, mismanaged and profited from the Income of Lucille Dunlap," "submitted false statements and invoices," and "failed to even marginally perform any duties for Ms. Dunlap." *Id*. at 6. Plaintiff claims the defendant stole "tens of thousands of dollars," but offers no further details. *Id*.

The Court must examine whether federal jurisdiction permits adjudication of these claims. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless

---

[1] Plaintiff filed this action without filing a Motion to Proceed in Forma Pauperis or paying the filing fee. Because the Complaint must be dismissed for lack of jurisdiction, the Court will overlook this defect.

and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). This is federal question jurisdiction. Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 does not create an independent cause of action. Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the complaint also pleads related federal claims.

Plaintiff asks this court to remove the defendant as guardian for Dunlap. Plaintiff provides no details regarding the guardianship. However, defendant's address in Baltimore, Maryland, indicates that the guardianship was likely ordered by a Maryland State Circuit Court applying Maryland's guardianship statute. *See* Md. Code, § 13 of the Estates & Trusts Article. The allegations in no way allege or imply a violation of constitutional or federal law and simply do not confer federal jurisdiction.[2]

---

[2] Plaintiff, who is self-represented, submitted a form complaint and states that there is federal question jurisdiction. She cites to federal law, the Constitution, and "Title 10. Health and Safety. Chapter 2. Division of Public Welfare. Article 10. Adult Protective Services Financial or

Neither has plaintiff established diversity jurisdiction. The Complaint alleges that both plaintiff and defendant are citizens of Maryland. When a party seeks to invoke diversity jurisdiction under § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The Complaint does not establish that this court has diversity jurisdiction.

Without a jurisdictional basis for suit in federal court, plaintiff's claims are factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the Court's inherent authority. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same). The federal rules require dismissal when there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.

---

Property Exploitation Specifically . . . Financial Exploitation 10 G.C.A. § 21002." ECF 1 at 4. The referenced statute, 10 G.C.A. § 21002, generally matches a citation to the Guam Code, which appears first on a U.S. Department of Justice website listing elder abuse statutes. *See*, https://www.justice.gov/elderjustice/prosecutors/statutes (last visited July 16, 2021).

An Order follows.

Date:  July 19, 2021

/s/
Ellen L. Hollander
United States District Judge

4